UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                )            Case No.: 24-cr-3-SM<br>)<br>)<br>ROBBY LEWIS                             ) | |

GOVERNMENT'S SENTENCING MEMORANDUM AND
REPLY TO DEFENDANT'S SENTENCING MEMORANDUM

The defendant, with a state suspended sentence hovering, participated in a drug distribution conspiracy. While engaged in the conspiracy, he obtained methamphetamine from his co-conspirator Thomas Conway, with the intention of further distribution. Because of his actions, the government recommends that the defendant be sentenced to 13 months' imprisonment with three years of supervised release.

**I.      Applicable Drug Weight**

In reaching is guideline sentencing range, Probation used the "ice" methamphetamine offense level and included conduct related to a state drug charge from January 25, 2024. Probation determined that the applicable base offense level is 26. Presentence Report ("PSR") ¶ 29. After decreasing the offense level for his acceptance of responsibility and specific offense characteristics under the United States Sentencing Guideline §2D1.1(b)(18), Probation determined that the defendant's total offense level is 21. PSR ¶ 38. As a criminal history category II, Probation determined that the applicable guideline sentencing range is 41-51 months' imprisonment. PSR ¶ 85.

While the government does not dispute the guideline range as calculated by Probation, the government is seeking a downward variance. First, the government agrees with defense counsel that the methamphetamine drug weight from the defendant's January 25, 2024 arrest should not be included. The defendant was indicted for the instant offense on January 31, 2024. PSR ¶ 1. The government and defense counsel were unaware of the state charges and the discovery was not obtained or produced in this case. The government is not seeking to introduce any evidence to support the 25.9 grams of methamphetamine seized on January 25, 2024. Therefore, the government and the defense counsel agree and ask the Court to utilize the parties' agreed upon applicable drug weight of 27.3 grams of methamphetamine. *See* PSR ¶¶ 1, 21.

Second, based on the facts of this case and the defendant's role in the conspiracy, the government agrees with defense counsel that the methamphetamine mixture offense level is appropriate, resulting in a base offense level of 18. *See* Document Number ("DN") 163, Def.'s Sentencing Memo., p. 5. After the applicable offense level reductions, the government agrees with defense counsel that the total offense level is 13, and with a criminal history category II, the resulting guideline range is 15-21 months' imprisonment. *See id.*

## II.     The §3553(a) factors support the government's requested sentence.

The government's requested 13-month sentence is "sufficient but not greater than necessary" to meet the goals of sentencing. *See* 18 U.S.C. § 3553(a). While the defendant is responsible for one drug transaction, his behavior demonstrates that this was not an isolated incident. This case involved wire and electronic interceptions from Thomas Conway's cell phone, the defendant's co-conspirator. Intercepted phone calls from March 2023 revealed that the defendant called Conway to ask for methamphetamine, offered to assist in drug deliveries, and discussed drug weights and pricing. PSR ¶ 21. On March 23, 2023, following his

2

conversation with Conway about drug weights and pricing, investigators stopped the defendant and seized approximately 27 grams of methamphetamine from him, which the defendant admitted to possessing with the intent for further distribution. *Id.* In fact, investigators observed, and the defendant confirmed, that just prior to his interaction with law enforcement, he sold methamphetamine to a customer. *Id.*

In addition to the facts of this specific offense, the drug seizure here occurred on March 23, 2023 – less than one month after the defendant pleaded guilty to controlling a premises where drugs were kept. *See* PSR ¶ 49. The defendant's instant offense occurred while he had an active suspended sentence of 12 months in the house of corrections and a fine, both of which were suspended conditioned upon two years of good behavior. *Id.* The defendant's behavior while under a criminal justice system demonstrates that the threat of imprisonment did not deter him from engaging in criminal behavior. Here, a 13-month sentence will hopefully deter the defendant from engaging in this type of behavior in the future.

The defendant argues that his conduct was motivated by his drug addiction. The government is not disputing that the defendant suffers from a serious substance abuse problem. However, engaging in drug distribution just a few weeks after receiving a suspended jail sentence for a drug offense demonstrates a blatant disregard for a court judgement. The requested sentence is warranted to promote respect for the law, reflect the seriousness of the defendant's pattern of behavior, and to punish him for his conduct. *See* 18 U.S.C. § 3553(a)(2)(A).

The government recognizes that the defendant completed the SOAR program and in-patient treatment, and he continues to receive substance abuse counseling. However, the defendant's instant offense, committed on the heels of receiving a suspended jail sentence,

warrant the government's requested sentence of 13 months' imprisonment and three years of supervised release.

                                      Respectfully submitted,

                                      John J. McCormack
                                      Acting United States Attorney

Dated: February 20, 2025                /s/ Heather A. Cherniske
                                      Heather A. Cherniske
                                      Assistant United States Attorney
                                      NH Bar #19837
                                      Heather.cherniske@usdoj.gov